IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60331
Summary Calendar

MOHAMMAD ALI YOUSEF, also known as Yousef Mohammadali

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 220 119

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mohammad Ali Yousef, a native and citizen of Kuwait, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying his application for withholding of removal. Yousef argues that his application should be granted because it is more than likely that he will be persecuted upon his return to Kuwait because he is a Palestinian.

Yousef does not address the BIA's denial of his application for voluntary departure and the denial of his motion to reconsider, which the BIA deemed as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a motion to reopen. Yousef also does not address the BIA's determination that his appeal from the Immigration Judge's decision after remand, which the BIA construed in part as a motion to reconsider, was time-barred. Accordingly, Yousef has abandoned review of these issues. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Yousef cannot establish that his withholding of removal application should have been granted. This court reviews the BIA's rulings of law de novo and its findings of fact, including its findings regarding withholding of removal, for substantial evidence. Zhu v. Gonzales, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, this court may not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. Id. The record does not compel a conclusion contrary to the BIA's finding that Yousef did not demonstrate past persecution on account of his membership in a particular social group. Zhu, 493 F.3d at 593; 8 C.F.R. § 1208.16(b)(1). The record also does not compel a conclusion contrary to the BIA's finding that Yousef did not meet his burden of proof establishing that it was more likely than not that he would be persecuted on account of his membership in a particular social group upon his return to Kuwait. Zhu, 493 F.3d at 593; 8 C.F.R. § 1208.16(b)(2). Accordingly, the petition for review is DENIED.